UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT SMITH,

    Plaintiff,                                  Case No. 14-CV-10426
                                                Hon. Matthew F. Leitman

v.

NORFOLK SOUTHERN COMPANY and
CONSOLIDATED RAIL CORPORATION,

    Defendants
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' NOTICE OF NON-INVOLVED PARTIES (ECF #3)

### INTRODUCTION

Plaintiff Robert Smith ("Smith") alleges that on February 25 2013, he was driving on Georgia Street in the City of Detroit (the "City") when he approached a railroad crossing. (*See* Am. Compl., ECF #4-4 at ¶¶7-11.) Smith claims that debris "completely obscured the railroad tracks" (*id.* at ¶15) and the "warning device and lights [at the crossing] did not activate and as a result failed to give [him] any reasonable warning of an incoming train." (*Id.* at ¶11.) When Smith attempted to cross the tracks, an oncoming train hit and damaged his vehicle. (*Id.* at ¶17.) Smith thereafter filed suit in Wayne County Circuit Court against Defendants Norfolk Southern Company and Consolidated Rail Corporation (collectively, "Defendants"), whom Smith alleges owned the train that hit him (*id.*

1

at ¶13) and "were the owners and operators of the railroad tracks" where the accident occurred. (*Id.* at ¶20.)

Defendants removed Smith's action to this Court on the basis of the Court's diversity jurisdiction. (*See* ECF #1.) They have now filed a "Notice of Non-Involved Parties," giving notice pursuant to Michigan law that the Michigan Department of Transportation (the "MDOT") and the City "could be [the] proximate causes of damages, if any, alleged by [Smith]..." (*See* the "Notice," ECF #2 at 2, Pg. ID 29.) Smith has moved to strike the Notice (*see* ECF #3); Defendants oppose the motion. (*See* ECF #4.) For all the reasons stated in this Order, the Court agrees with Defendants and **DENIES** Smith's motion to strike the Notice.

## ANALYSIS

In the Notice, Defendants named the City and the MDOT as non-parties at fault pursuant to Michigan Court Rule 2.112(K) and MCL § 600.2957. Smith seeks to strike the Notice on two grounds. First, Smith argues that neither the City nor the MDOT owed Smith a duty, and that "[f]ault cannot be apportioned to a non-party if the non-party owes the plaintiff no duty of care." (ECF #3 at 5, Pg. ID 35.) Second, Smith argues that the City and the MDOT are entitled to governmental immunity, this immunity "would preclude liability on the part of the

2

[MDOT] and City for the activities alleged," and therefore neither can be named in the Notice.  (*Id.* at 2, Pg. ID 32.)  Neither of these grounds entitles Smith to relief.

### A.   Michigan's Notice of Non-Party at Fault Regime

Under applicable Michigan law, "[a] party against whom a claim is asserted may give notice of a claim that a nonparty is wholly or partially at fault."  MCR 2.112(K)(3)(a).  "The notice must be filed within 91 days after the party files its first responsive pleading."  MCR 2.112(K)(3)(c).  This notice is a critical provision of Michigan tort law.  Indeed, "the trier of fact shall not assess the fault of a nonparty *unless* notice has been given as provided in this subrule."  MCR 2.112(K)(2) (emphasis added).  This rule was

> promulgated in response to the [Michigan] Legislature's adoption of MCL 600.2957 and MCL 600.6304. MCR 2.112(K) concerns the procedural implementation of the elimination of joint liability, the reapplication of several liability, and the allocation of fault to a nonparty as provided in MCL 600.2957 and MCL 600.6304. The purposes of the court rule are to provide notice that liability will be apportioned, provide notice of nonparties subject to allocated liability, and allow an amendment to add parties, thereby promoting judicial efficiency by having all liability issues decided in a single proceeding.

*Greenwich Ins. Co. v. Hogan*, 351 F.Supp.2d 736, 739 (W.D. Mich. 2004) (*quoting Veltman v. Detroit Edison, Co.*, 261 Mich. App. 685, 694-695 (2004)).

While MCR 2.112(K) is a state (and not federal) court rule, numerous federal courts in Michigan have enforced the rule in diversity cases, finding it to be

"a necessary component of Michigan's statutory scheme of 'fair share liability.'" *Id.* This Court agrees. "Viewing MCR 2.112(K) as a purely procedural matter [and thus not applicable in federal court] … rather than as an integral part of Michigan's substantive tort law scheme, would promote the very forum shopping and inequitable administration of the laws [*Erie v. Railroad Co. v. Tompkins*, 304 U.S. 64 (1938)] sought to avoid." *Id; See also* 739-40 (collecting cases); *American Ins. Co. v. Dornbracht Americas, Inc.,* 2013 WL 1788573 at *2 (E.D. Mich. Apr. 26, 2013) (finding the provisions of MCR 2.112(K) applicable and "adopt[ing] the reasoning provided by the Western District of Michigan [in *Greenwich*]...").

### B. Smith Has Failed to Show that the City and the MDOT Did Not Owe Him Duties Related to the Safety of the Railroad Crossing

Smith is correct that, under Michigan Supreme Court precedent, "[w]ithout owing a duty to the injured party, the 'negligent' actor could not have proximately caused the injury and could not be at 'fault' for purposes of the comparative fault statutes." *Romain v. Frankenmuth Mut. Ins. Co.*, 483 Mich. 18, 22 (2009). However, Smith has failed to show that the City and the MDOT did not owe him any duties here. Indeed, Defendants have cited numerous Michigan statutes and court rulings that support a finding that the City and the MDOT owed Smith (and all other motorists) numerous duties related to the safety concerns Smith has raised in this case. Smith has failed to provide any response to these citations.

4

For example, Smith has argued that Defendants are exclusively liable because "elevated mound and debris [] completely obscured the railroad tracks and any view down the tracks to the south…" (*id.* at ¶15) and that the warning signals at the railroad crossing were "in disrepair, improperly designed, and inoperable." (ECF #4-4 at ¶32.)  But based on the statutes Defendants cite, which Smith has not disputed, it is the City, as the applicable "road authority," that Michigan law tasks with determining if a "clear vision area" needs to be established at a "particular crossing" so that motorists can safely observe the tracks and surrounding areas. MCL § 462.317; *See also Paddock v. Tuscola & Saginaw Bay Ry. Co., Inc.,* 225 Mich. App. 526, 534 (1997) ("Under the plain language of [MCL § 462.317], it is the responsibility of the road authority—not the railroad—to determine the need for a clear vision area.").

In addition, Smith has not challenged Defendants' contention that "[u]nder M.C.L. § 257.668; M.S.A. § 9.2368, as well as M.C.L. § 257.615(a); M.S.A. § 9.2315(a), the duty to determine the appropriate warning devices to be installed at railroad crossings lies with the appropriate governmental entity with jurisdiction over the roadway [i.e, in this case, the MDOT], not with the railroad." *Id.* at 533, *citing Kesserling v. Chesapeake & O.R. Co.*, 437 F.Supp. 267, 269 (E.D. Mich. 1977).

5

Thus, in this case, Smith has failed to present any authority to contradict Defendants' position that the City and the MDOT owed Smith duties related to the safety of the railroad crossing. The Court therefore finds no reason to strike the Notice.

### C. The City's and the MDOT's Governmental Immunity Does Not Preclude Defendants From Naming Them in the Notice

Smith's second argument – that because the City and the MDOT are immune from liability in this action, they cannot be named in the Notice (*see* ECF #3 at 2, Pg. ID 32) – is equally unavailing. The applicable Michigan statute provides that "[i]n assessing percentages of fault … the trier of fact shall consider the fault of each person, **regardless of whether the person is, *or could have been*, named as a party to the action**." MCL § 600.2957(1) (emphasis added). Thus, even if the City and the MDOT could not be named in Smith's suit because of governmental immunity, they still must be considered when "assessing percentages of fault." *See, e.g., Dresser v. Cradle of Hope Adoption Center, Inc.*, 421 F.Supp.2d 1024, 1027 (E.D. Mich. 2006) ("Given the change of the legislative focus on the tort reparations system in Michigan from making an injured plaintiff whole to protecting partially at-fault defendants from excessive exposure to damages, the Court believes that Michigan courts would conclude that liability must be apportioned under section 600.2957(1) to parents of an injured child, even if the parents are immune from suit"); *Wall v. Cherrydale Farms, Inc.*, 9 F.Supp.2d

784 (E.D. Mich. 1998) (granting leave to file notice of non-party at fault against immune party).

Indeed, this is the exact conclusion another court in this district reached when faced with a similar objection to a notice of non-party fault in a case involving a decedent who was killed when a train struck his car. *See O'Hara v. Norfolk Southern Ry. Co.*, 2006 WL 435723 at *4 (E.D. Mich. Feb. 21, 2006), *quoting* MCL § 600.2957(1) (finding request to strike MDOT from a notice of non-party fault "baseless" because "Michigan law allows a trier of fact to apportion fault in tort actions like this one 'regardless of whether the person is, or could have been, named as a party to the action.'") Smith's argument that the Court should strike the Notice due to the existence of governmental immunity therefore fails.

## CONCLUSION

For all of the reasons stated above, **IT IS HEREBY ORDERED** that Smith's Motion to Strike is **DENIED**.

        s/Matthew F. Leitman
        MATTHEW F. LEITMAN
        UNITED STATES DISTRICT JUDGE

Dated:  June 12, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 12, 2014, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113
